William Beard et al. v. J. W. McKay et al.

[Abstract Kentucky Law Reporter, Vol. 3—519.]

**Usury.**
>    Where a petition on a note does not demand a judgment for more than legal interest, but by clerical misprision a judgment including usurious interest is entered by the clerk, it can be corrected in the court below by motion.

APPEAL FROM HART CIRCUIT COURT.

January 19, 1882.

Opinion by Judge Pryor:

The demurrer to the answer was properly sustained. The note on Lowry was deposited with the bank as collateral security for the payment of the note on which the appellants were the sureties. McKay, the principal, gave an order to the bank to deliver the note to Ritchie as soon as the note sued on was paid off, the note upon which appellants are bound. We can not see how this prejudiced the sureties and no ground for reversal exists for that reason. nexed. All parties were to have recognized the rights of the appellants as sureties; therefore, the right of the bank to deliver the note held as collateral was restricted by the order. The note in controversy has not been paid nor has the note on Lowry been delivered to Ritchie. The acceptance of the order does not release the sureties. The bank accepted the order with the conditions an-

Nor can the judgment be reversed by reason of the usurious interest included in it. The note bears eight per cent. interest, and two per cent. of that interest is usury or must be so treated in the absence of any proof to the contrary. The judgment should have been for six instead of eight per cent. This, however, was a clerical misprison, for the reason that the statement of the petition ignored the right to recover the usury and only asked a judgment for the legal interest. This can be corrected in the court below by motion, as it was an oversight on the part, doubtless, of the judge or clerk. The petition did not ask for it, but on the contrary disclaimed the right to recover it.

Judgment *affirmed*.

*Edwards & Seymour*, for appellants

*Woodson & Macey*, for appellees.

[Cited, *Armendt v. Perkins,* 17 Ky. L. 1327, 32 S. W. 270; *Tousey v. Dehuy,* 23 Ky. L. 458, 62 S. W. 1118; *Bitzer v. Mercke,* 111 Ky. 299, 23 K. L. 670, 63 S. W. 771.]